**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| D'ANNA FUOCO, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 11-6117 |
| LEHIGH UNIVERSITY, | ) | |
| Defendant | ) | |

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

AND NOW COMES Defendant, Lehigh University ("Lehigh"), by and through its undersigned counsel, Fitzpatrick Lentz and Bubba, P.C., and makes the following Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiff, D'Anna Fuoco ("Fuoco"), showing the Court as follows:

1.  The allegations of Paragraph 1 of the Amended Complaint are admitted.

2.  The allegations of Paragraph 2 of the Amended Complaint are admitted.

3.  The allegations of Paragraph 3 of the Amended Complaint are admitted in part and denied in part. It is admitted that Plaintiff was initially hired by Defendant in September, 1997 in the Department of Education and Human Services. After transfers to two other departments, she was transferred to the Office of Multicultural Affairs ("Multicultural Affairs"), within the University's Office of Student Affairs. It is denied that she was "hired as a Coordinator for the Dean of Students Office."

4.  The allegations of Paragraph 4 of the Amended Complaint are admitted in part and denied in part. It is admitted that Plaintiff's immediate supervisor was Jame'l Hodges. It is

denied that Mr. Hodges was Dean of Students.  It is asserted that he was Director of Multi-cultural Affairs.  It is admitted that Allison Gulati is Associate Dean of Students.  It is denied that Ms. Gulati was Plaintiff's supervisor.  Ms. Gulati was Mr. Hodges' immediate supervisor.

5.    The allegations of Paragraph 5 of the Amended Complaint are denied.

6.    The allegations of Paragraph 6 of the Amended Complaint are internally inconsistent.  It is denied that Plaintiff performed her duties with no apparent difficulty.  The remaining allegations are admitted.

7.    The allegations of Paragraph 7 of the Amended Complaint are denied as stated. The assignment to support the new hire simply restored her to the two (2) people whom she had earlier supported during her tenure in Multicultural Affairs.

8.    The allegations of Paragraph 8 of the Amended Complaint are denied.

9.    Defendant has no way of knowing what Plaintiff noticed, so the allegations of Paragraph 9 of the Amended Complaint are neither admitted nor denied and proof thereof is demanded.

10.    Defendant has no way of knowing to what "difficulties and concerns" Plaintiff refers, so the allegations of Paragraph 10 of the Amended Complaint are neither admitted nor denied and proof thereof is demanded.

11.    Defendant has no way of knowing what Plaintiff did regarding her alleged medical issues, so the allegations of Paragraph 11 of the Amended Complaint are neither admitted nor denied and proof thereof is demanded.

12.    The allegations of Paragraph 12 of the Amended Complaint are denied.

13.    The allegations of Paragraph 13 of the Amended Complaint are admitted.

14.    The allegations of Paragraph 14 of the Amended Complaint are admitted.

2

15.  Defendant has no way of knowing Plaintiff's state of mind, so the allegations of Paragraph 15 of the Amended Complaint are neither admitted nor denied and proof thereof is demanded.

16.  The allegations of Paragraph 16 of the Amended Complaint are denied.

17.  The allegations of Paragraph 17 of the Amended Complaint are admitted.

18.  The allegations of Paragraph 18 of the Amended Complaint are admitted.

19.  The allegations of Paragraph 19 of the Amended Complaint are Complaint are admitted in part and denied in part.  It is admitted that Plaintiff contacted Dr. Zirkel at some point.  It is denied that any discussion about what Plaintiff should do took place.

20.  The allegations of Paragraph 20 of the Amended Complaint are admitted.

21.  The allegations of Paragraph 21 of the Amended Complaint are admitted.

22.  The allegations of Paragraph 22 of the Amended Complaint are admitted in part and neither admitted nor denied in part.  It is admitted that Plaintiff was scheduled off for the next two days.  However, Defendant has no way of knowing what Plaintiff believed about her work and therefore these allegations are neither admitted nor denied and proof thereof is demanded.

23.  The allegations of Paragraph 23 of the Amended Complaint are admitted.

24.  The allegations of Paragraph 24 of the Amended Complaint are admitted in part and neither admitted nor denied in part.  It is admitted that Plaintiff was notified of the error. Defendant has no way of knowing what impact her failure had on Plaintiff or whether she was "distraught," so the remaining allegations of Paragraph 24 of the Amended Complaint are neither admitted nor denied and proof thereof is demanded.

25.  The allegations of Paragraph 25 of the Amended Complaint are admitted in part and neither admitted nor denied in part.  It is admitted that Plaintiff called in sick the next day.  Defendant has no way of knowing the Plaintiff's " actions or concerns," so the remaining allegations of Paragraph 25 of the Amended Complaint are neither admitted nor denied and proof thereof is demanded.

26.  It is admitted that when Plaintiff failed to respond to numerous messages from Defendant to contact her supervisor, a message to that effect was left with her companion.

27.  The allegations of Paragraph 27 of the Amended Complaint are admitted.

28.  The allegations of Paragraph 28 of the Amended Complaint are admitted.

29.  The allegations of Paragraph 29 of the Amended Complaint are denied.

30.  The allegations of Paragraph 10 of the Amended Complaint are denied.

31.  The allegations of Paragraph 10 of the Amended Complaint are denied.

32.  The allegations of Paragraph 10 of the Amended Complaint are denied.

33.  The allegations of Paragraph 10 of the Amended Complaint are denied.

34.  The allegations of Paragraph 34 of the Amended Complaint are admitted.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. SECTION 12101, *et.seq.***

35.  The Answers to Paragraphs 1 through 34 of the Amended Complaint are incorporated herein by reference as if the same were fully set out here.

36.  Defendant has no way of knowing whether Plaintiff suffers from stress and/or memory lapses, so the allegations of Paragraph 36 of the Amended Complaint are neither admitted nor denied and proof thereof is demanded.

37.   Defendant has no way of knowing what Plaintiff believed; but the Defendant was unaware that Plaintiff had any serious health condition and denies that such was the case, so the allegations of Paragraph 37 of the Amended Complaint are admitted in part and denied in part and proof thereof is demanded.

38.   The allegations of Paragraph 38 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

39.   The allegations of Paragraph 39 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

40.   The allegations of Paragraph 40 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

41.   The allegations of Paragraph 41 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

42.   The allegations of Paragraph 42 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

43.   The allegations of Paragraph 43 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

44.   The allegations of Paragraph 44 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

45.  The allegations of Paragraph 45 of the Amended Complaint are denied.

46.   The allegations of Paragraph 46 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

47.   The allegations of Paragraph 47 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

**COUNT II**
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967,**
**29 U.S.C. SECTION 621,  *et. seq.* DISPARATE TREATMENT**

48.   The Answers to Paragraphs 1 through 47 of the Amended Complaint are incorporated herein by reference as if the same were fully set out here.

49.  The allegations of Paragraph 49 of the Amended Complaint are admitted.

50.   The allegations of Paragraph 50 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

51.   The allegations of Paragraph 51 of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, they are denied.

52.   The allegations of Paragraph 52 of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, they are denied.

53.   The allegations of Paragraph 53 of the Amended Complaint are a legal conclusion to which no response is required.   To the extent a response is required, they are denied.

54. Defendant has no way of knowing what Plaintiff believed, so the allegations of Paragraph 54 of the Amended Complaint are neither admitted nor denied and proof thereof is demanded.

55.   The allegations of Paragraph 55 of the Amended Complaint are admitted in part and denied in part.   It is admitted that Plaintiff Jame'l Hodges is no longer employed by the Defendant.   The remaining allegations of Paragraph 55 of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, they are denied.

56.   The allegations of Paragraph 56 of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, they are denied.

57.   The allegations of Paragraph 57 of the Amended Complaint are legal conclusions to which no response is required.   To the extent a response is required, they are denied.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. SECTION 951, *et. seq.*

58.   The Answers to Paragraphs 1 through 57 of the Amended Complaint are incorporated herein by reference as if the same were fully set out here.

59.   The allegations of Paragraph 59 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, they are denied.

60.   The allegations of Paragraph 60 of the Amended Complaint are legal conclusions to which no response is required.  To the extent a response is required, they are admitted.

61. The allegations of Paragraph 61 of the Amended Complaint are a legal conclusion to which no response is required.  To the extent a response is required, they are denied.

WHEREFORE, Defendant requests this Honorable Court to dismiss Plaintiff's Amended Complaint with prejudice in its entirety, to grant judgment in its favor and against Plaintiff, including counsel fees and costs and such other relief as the Court shall deem appropriate.

## AFFIRMATIVE DEFENSES

62.   The Answers to Paragraphs 1 through 61 of the Amended Complaint are incorporated herein by reference as if the same were fully set out here.

63.   This Court lacks subject matter jurisdiction over the Amended Complaint in that Plaintiff failed to comply with Rule 4 of the Federal Rules of Civil Procedure.

64.   This Court lacks subject matter jurisdiction over the Amended Complaint in that no Right-to-Sue letter has been issued by the Equal Employment Opportunity Commission which is required for a lawsuit such as this.

65.   Plaintiff's Complaint fails to state a claim for which relief may be granted.

66.   Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands and/or latches.

67.   Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver and/or estoppel.

68.   Any damages suffered by Plaintiff are due to her own negligence or improper conduct, and are not due to any conduct on the part of the Defendant.

69.   Plaintiff's claims for damages are barred, in part, to the extent that Plaintiff has not exercised reasonable diligence in seeking comparable employment after she left her employment with LEHIGH and to the extent that she has not otherwise mitigated her alleged damages.

70.   Plaintiff's claims are barred, in part, by her failure to exhaust all administrative remedies.

71.   Plaintiff has not been damaged in any amount or manner, or by reason of any alleged act of the Defendant Lehigh.

72.   Plaintiff's claims are barred, in whole or in part, by the same actor inference defense.

73.   Plaintiff's claims for punitive damages may be barred, in whole or in part, by the United States and Pennsylvania Constitutions.

74.   Any recovery by Plaintiff or any claim alleged in the Plaintiff's Complaint is barred to the extent that the Plaintiff has assented to the activities and/or conduct alleged to have been engaged in by Defendant.

75.   Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or statutory requirements with respect to administrative remedies.

76.   Plaintiff's claims are barred by laches, waiver, estoppel and unclean hands.

77.   At all times, Defendant acted in good faith.

78.   Defendant did not violate any duty to or right of Plaintiff.

79.   If Plaintiff suffered any damages or loss, such damages or loss was caused by Plaintiff's own actions and performance.

80.   If Plaintiff suffered any damages or loss, such damages or loss were caused, in whole or in part, by parties other than Defendant for which Defendant is not legally responsible.

81.   Defendant complied with all of its legal and contractual obligations to the Plaintiff.

82.   Plaintiff has not been damaged in any amount or manner, or by reason of any alleged act of the Defendant.

83.   Plaintiff's claims are barred, in whole or in part, because all actions of Defendant were proper, privileged, justified and undertaken in good faith.

84.   If Plaintiff suffered any damages or loss, such damages or loss were not caused by any wrongful or intentional conduct on the part of Defendant.

85.  The Plaintiff is not disabled within the meaning of the ADA or within the meaning of the PHRA, and Plaintiff is, therefore, not entitled to any protection or relief under those statutes.

86.  Plaintiff's claims are not actionable because the challenged employment decisions are justified by legitimate non-discriminatory and non-pretextual business reasons and are based upon reasonable factors other than age or any disability allegedly suffered by Plaintiff or any allegedly perceived disability.

87.  Plaintiff has failed to comply with the jurisdictional and procedural requirements for maintaining a civil action under the ADEA or the ADA.

88.  Plaintiff failed to advise Defendants of any alleged disability.

91.  Plaintiff failed to advise Defendants of any need for accommodation as the result of any alleged disability

92.  Plaintiff failed to request or enter into an interactive process in regard to an alleged need for an accommodation as a result of any alleged disability.

93.  Defendants made a good faith effort to provide reasonable accommodation to Plaintiff in regard to her alleged disability.

94.  Plaintiff has failed to mitigate the damages that she claims herein.

95.  Plaintiff failed to mitigate her damages to the extent required by law.

99.  Plaintiff has failed to meet all conditions precedent to filing a Complaint.

100.  Plaintiff has failed to allege a prima facie case of age discrimination.

101.  Plaintiff has failed to allege a prima facie case of disability discrimination.

102.  At all relevant times, Defendants acted for lawful, nondiscriminatory reasons.

103.    Any actions allegedly taken by Defendant, which allegedly affected Plaintiff's employment, were based on reasonable factors other than age and/or disability.

104.    Any actions allegedly taken by Defendants, which allegedly affected Plaintiff's employment, are not in violation of any statutory prohibition against discrimination.

105.  At all times, Defendants exercised reasonable care to correct any alleged discriminatory conduct.

106.    Plaintiff unreasonably failed to take advantage of proper complaint procedures, and preventative or corrective opportunities provided by Defendants.

107.  Defendants may become aware of additional facts that would have resulted in the discharge of Plaintiff, had the Plaintiff continued to be employed by Defendant. Accordingly, and to the extent it is determined that Plaintiff is entitled to back pay, it may only be calculated from the date Plaintiff's employment ended through the date the new information was discovered.

Because Defendant has not yet availed itself of its right to discovery, Defendant may not fully know the circumstances of the alleged incidents described in the Complaint. Defendant hereby notifies Plaintiff that, until it has had the opportunity to avail itself of its right to discovery, it cannot determine whether or not each of the above-stated Defenses or Affirmative Defenses will, in fact, be asserted at trial.  Such defenses, however, are raised in Defendant's Answer and Affirmative Defenses in order to preserve its right to assert such defenses and thereby, avoid waiver of any such defenses.  Defendant reserves the right, upon completion of its investigation and discovery, to file such additional defenses as it deems appropriate.

WHEREFORE, Defendant, Lehigh University, requests that Plaintiff's Complaint be dismissed with prejudice in its entirety, that judgment be entered in its favor, that Plaintiff take nothing by her Complaint, that all costs be taxed against Plaintiff, including attorneys' fees and costs, and that this Court award such other and further relief as the Court deems fair, just, and equitable.

FITZPATRICK LENTZ & BUBBA, P.C.

Date:  April 25, 2012                    By:   /s/  Kathleen M. Mills
                                              Kathleen M. Mills
                                              PA ID #1462
                                              4001 Schoolhouse Lane, P.O. Box 219
                                              Center Valley, PA 18034-0219
                                              (610) 797-9000
                                              (610) 797-6663 - fax
                                              Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Kathleen M. Mills, attorney for Lehigh University, hereby certify that I have filed the within document electronically and it is available for viewing on-line

FITZPATRICK LENTZ & BUBBA, P.C.

Date:   April 25, 2012                    By:   /s/   Kathleen M. Mills
                                            Kathleen M. Mills
                                            PA ID #1462
                                            4001 Schoolhouse Lane, P.O. Box 219
                                            Center Valley, PA 18034-0219
                                            (610) 797-9000
                                            (610) 797-6663 - fax
                                            Attorney for Defendant

14